EL EJEMPLO SUGAR COMPANY, APPELLANT, *v.* THE REGISTRAR OF HUMACAO, RESPONDENT.

Appeal from a Decision of the Registrar of Property Denying Admission to Record of a Contract of Agricultural Financing.

No. 252.—Decided December 7, 1915.

CONTRACT—AGRICULTURAL FINANCING—TUTOR—RECORD OF CONTRACT—AUTHORIZATION OF COURT—LEASE.—Accordng to subdivision 5 of the amendment to section 282 of the Civil Code, approved March 9, 1911, the tutor must have the authorization of the court in order to enter into a contract of agricultural financing and grinding of cane, as provided for by the Act of March 10, 1910, when the same is to be recorded in the registry of property, although it may be for less than six years. The same limitation exists with regard to a contract of lease.

The facts are stated in the opinion.

*Mr. Francisco González Fagundo* for the appellant.

The respondent registrar appeared *pro se.*

MR. JUSTICE DEL TORO delivered the opinion of the court.

On December 1, 1914, Leonor López Cuadra and her husband, Josefa López Cuadra and her husband and the minor Palmira López Guzmán, represented by her tutrix, the said Josefa López Cuadra, parties of the first part, and Antonio Roig Torrellas, president of El Ejemplo Sugar Company, party of the second part, appeared before a notary public and executed a contract of agricultural financing and grinding of sugar cane for a period of three years. In conformity with the law and with the will of the parties as expressed in the ninth clause of the said instrument, the aforesaid contract was to be recorded in the registry of property.

The contract having been presented in the registry, the registrar refused to record the same in so far as it referred to the minor Palmira López Guzmán for the reasons stated in the following decision from which El Ejemplo Sugar Company took the present appeal:

"This contract is recorded on page 14 of Volume II of the Registry of Agricultural Contracts of Humacao, Property No. 45, entry letter A, but only in so far as it refers to Leonor and Josefa López Cuadra, and record thereof is denied as to the minor Palmira López Guzmán because her tutrix lacks the authorization required by subdivision 5 of section 282 of the Civil Code as amended by the Legislative Assembly of Porto Rico on March 9, 1911. The proper cautionary notice has been entered for the legal period of 120 days and attention is called to the curable defects of failure to prove the character of Josefa López Cuadra as tutrix and that of Antonio Roig as president of El Ejemplo Sugar Company."

The law cited by the registrar is as follows:

"Section 282.—The tutor shall require the authorization of the proper district court:

\*          \*          \*          \*          \*          \*          \*

"5. To alienate or encumber the real property which constitutes the capital of the minor or incapacitated person or to make contracts or execute acts requiring recording; also to alienate personal property, the value of which exceeds two hundred dollars and to execute

lease contracts for a longer period than six years; but in no case shall the contract be entered into nor the authorization granted for a period of time in excess to that required by the minor to become of age.

"The limitations contained in the preceding paragraph relative to the execution of contracts for the lease of real property, shall apply to the contracts for advances for agricultural purposes and grinding of cane, authorized by the act of March 10, 1910.

"The prohibition to alienate personal property the value of which exceeds two hundred dollars, without judicial authorization therefor, does not cover the alienation of the fruits yielded by a landed or agricultural property at its last crop."

We agree with the appellant that according to the provisions of the statute transcribed the tutor requires no authorization of the court to enter into a contract for advances for agricultural purposes and grinding of sugar cane for less than six years, but we do not agree that such contract can be recorded in the registry without first obtaining the authorization of the court which the law requires for all acts or contracts subject to record.

The argument that contracts for agricultural loans and grinding of sugar cane are recorded in a special registry has no great weight if it is considered that notwithstanding this fact the said special registry is under the supervision of the district registrar of property and the record produces the effects hereinafter to be noted between the parties themselves and against third persons.

Section 7 of Act No. 37 of 1910 creates a "Registry of Contracts for Agricultural Purposes," and provides that "The contracts herein referred to shall be recorded in said registries on petition of any of the parties, by making brief entries that will permit of the identification of the property and a knowledge as to the contract, each property to be numbered separately in a manner similar to that which is provided under the Mortgage Law for the registries of property, simplifying the same as much as it may be compatible with the purposes of such entry." And according to section 8

of the said act, as amended by Act No. 59 of 1911, "That such entries and notes on margin of entries as may be made in any 'registry of contracts for agricultural purposes' shall be to the prejudice of and binding upon third parties, from and after the date of filing of the respective documents, and that if, after the filing of any such contract, the canes to be ground or the ownership, possession or control of the land upon which said canes are growing or to be grown, or any interest in said lands, or the ownership, possession or control of the factories or mills in which said canes are to be ground, or any interest therein, shall be transferred by voluntary act or by operation of law or otherwise, the transferee or transferees shall be bound to perform all the obligations of such contracts and be liable for failure to perform the same, as fully and in the same manner and to the same extent as the party to such contract who made such transfer or who held the interest transferred; but no such transfer shall relieve any party from any obligation or liability upon such contract."

In our opinion the general limitation referring to acts and contracts subject to record and the special limitation referring to contracts of advances for agricultural purposes and grinding of sugar cane for a greater period than six years may be harmonized in the sense that authorization of the court is not necessary when the latter contract is for a period of less than six years and is not recorded in the registry, but that it is required when the contract is for a period of more than six years or for a lesser period and is recorded in the registry.

As we have seen, in referring to the special contract of advances for agricultural purposes and grinding of sugar cane, the Legislature applied thereto the limitation governing contracts of lease. According to the former Civil Code, the tutor was required to be authorized by the court in order to execute acts or contracts subject to record and also to lease properties belonging to his ward for more than six

years. The law makes no express provision regarding the case of a contract of lease for less than six years which it is agreed to record in the registry of property.

Manresa's comments on this point are very interesting. The wise Spanish commentator first considers the question in regard to the power of the husband as to the property of his wife; then the power of the father with respect to the property of his unemancipated child, and, finally, the power of the tutor with respect to the property of his ward, and reaches the conclusion in each case that notwithstanding the silence of the law, authorization by the court is necessary whenever the contract is to be recorded in the registry, because when the contract of lease is recorded it constitutes an actual encumbrance on the property leased. X Manresa, Civil Code, 463 *et seq.*

The General Directorate of Registries of Spain followed the doctrine laid down by Manresa in its decision of August 20, 1893. On the ground that the law forbade a father to encumber the property of his minor children and that a recorded contract of lease, whatever its period of duration, constituted an actual encumbrance, the Directorate concluded that authorization of the court was necessary for all leases of property of minors which were to be recorded in the registry of property. See I Galindo, Mortgage Law, 442.

While the effects of the record in the registry of a contract of advances for agricultural purposes and grinding of sugar cane cannot be considered the same as those produced by the recording of a contract of lease, it must be admitted that it creates a lien upon the products of the property, and it is well known that among other things trees, plants, and ungathered fruits are regarded as real property while they are attached to the soil or form an integral part of real property. Section 335, subsection 2, of the Civil Code. Moreover, the said record produces the other effects enumerated

in section 9 of Act No. 37 of 1910, as amended in 1911, which we have transcribed. Hence we are of the opinion that the same reasons which led the General Directorate of Registries and Manresa to conclude that authorization of the court was necessary in all cases in which it is agreed to record the lease in the registry of property, although for a period of not more than six years, are applicable to cases of contracts of advances for agricultural purposes and for grinding of sugar cane.

In view of the foregoing, the decision appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.